NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIMITRIOS VOUTHAS and JACKLYN K. VOUTHAS, <br><br> Plaintiffs, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC. a/k/a VERIZON NEW JERSEY, INC., CHRISTOPHER BARKER, CHRISTOPHER MROZ, and JASMINE PIERCE, <br><br> Defendants. | Civ. No. 17-1038 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Alter or Amend Judgment filed by Plaintiff Dimitrios Vouthas ("Plaintiff"). (ECF No. 41.) Defendants Verizon Communications, Inc. ("Verizon"), Christopher Barker, Christopher Mroz, and Jasmine Pierce (collectively, "Defendants") oppose. (ECF No. 45.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is denied.

## **BACKGROUND**

Plaintiff works for Defendant Verizon. (Op. at 1, ECF No. 39.) Defendants Barker and Mroz were his immediate supervisors at different times. (*Id.* at 2–3.) Defendant Pierce supervised Defendants Barker and Mroz. (*Id.* at 5.) Plaintiff alleged that Defendants harassed him, took adverse employment actions against him, and created a hostile work environment, and

1

that they did so because of his disability and in retaliation against him for asserting his rights. (*Id.* at 2–7.)

On December 14, 2018, Defendants moved for summary judgment. By that time, two Counts remained: (1) hostile work environment under the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. § 10:5-12(a); and (2) retaliation in violation of the NJLAD, § 10:5-12(d). (*Id.* at 6–7.) On January 22, 2019, the Court granted summary judgment for Defendants on both Counts. (Order & J., ECF No. 40.) As to the hostile work environment Count, the Court explained:

> Plaintiff has not shown that any of Defendants' objectionable conduct was directed at him because of his disability. Some aspects of the complained-of conduct were inflicted on all employees: Defendant Barker's yelling and "weaponiz[ation] of the work rules"; Defendant Mroz's "micromanagement," excessive phone calls, and verbal abuse; and Defendants Barker and Mroz's increased use of QARs and disciplinary measures. In other instances, although the record does not affirmatively show that all employees were treated equally, it also provides no evidence to the contrary; no evidence has been presented to show that Defendant Barker intended to collide with Plaintiff or refused to send him assistance on a job because of Plaintiff's disability. Because the burden is on Plaintiff to present some evidence that a reasonable jury could accept to support his discrimination claim, and because Plaintiff has not done so, summary judgment is granted for Defendants.

(Op. at 9 (internal citations omitted).) As to the retaliation Count, the Court wrote:

> Plaintiff's Brief cites two alleged adverse employment decisions: Plaintiff's letter of reprimand caused by the mistaken belief that he had failed to take a necessary step in performing a job, and his one-day suspension for failure to run an Ethernet cable. Assuming that these actions both constitute adverse employment decisions . . . no facts exist to establish that these actions resulted from Plaintiff's past opposition to Defendants' practices. As stated above, Defendants Barker and Mroz's "weaponiz[ation] of the work rules" and increased use of disciplinary measures was applied to all employees, not just those who had previously attempted to assert rights under the NJLAD. Because no genuine factual dispute exists on this point, summary judgment is granted in favor of Defendants . . . .

(*Id.* at 10 (internal citations omitted).)

On February 20, 2019, Plaintiff moved to alter or amend the judgment, arguing that the Court's Opinion disregarded a number of facts. (Mot. at 4–13, ECF No. 41-2; *see also* Reply at 3–5, ECF No. 48.)[1] Defendants opposed the Motion on March 4, 2019 (ECF No. 45), and Plaintiff replied on March 8, 2019 (ECF No. 48). The Motion is presently before the Court.

## LEGAL STANDARD

A party may move to alter or amend a judgment within twenty-eight days after its entry. Fed. R. Civ. P. 59(e). Alteration or amendment is warranted when the movant demonstrates: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (emphasis omitted) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "The scope of a [Rule 59(e)] motion . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct *manifest* errors of law or fact or to present newly discovered evidence." *Blystone*, 664 F.3d at 415 (citing *Howard Hess*, 602 F.3d at 251) (emphasis added); *accord Urban Fin. Grp. v. McClees*, 2014 WL 631946, at *2 (D.N.J. Feb. 18, 2014) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)) (describing reconsideration under Rule 59(e) as "an extraordinary remedy").

## DISCUSSION

According to Plaintiff, the Court committed manifest error by failing to consider several salient facts. (Reply at 2–5.) Some of these facts were considered by the Court and explicitly

---

[1] Throughout this Opinion, cited page numbers correspond to the page numbers assigned by the electronic case filing system, not to the page numbers designated by Plaintiff.

mentioned in the Summary Judgment Opinion. (*See, e.g.*, Op. at 2, 9 (discussing a reported incident where Defendant Barker attempted to collide with Plaintiff while they were walking); *id.* at 4 (discussing Plaintiff's suspension for failure to run an ethernet wire); *see also id.* at 6 n.5 (explaining that a hearsay statement would not be considered).) Other facts now identified by Plaintiff were not considered because they were not included in the record provided during summary judgment. (*See, e.g.*, Mot. at 7–8 ("Defendant Mroz told [Plaintiff] that the Performance Improvement Plan was an excuse to give [Plaintiff] extra attention."); Reply at 4–5 ("[T]he June 13, 2016 QAR was intended to force [Plaintiff] into a panic attack, as Defendants prepared by bringing an employee with medical training to the interrogation.").) Some facts, while bolstering Plaintiff's claim that he was subject to mistreatment, do not help to establish that this mistreatment was due to his disability or was conducted in retaliation. (*See, e.g.*, Mot. at 5–6 (stating that the QAR process is punitive in and of itself), 8 (describing an incident where Plaintiff was forced to hide to avoid Defendant Mroz).) And several facts show that Defendants acted quickly after they learned of Plaintiff's disability or after Plaintiff sought accommodations (*see, e.g.*, *id.* at 11 (alleging that Defendants harassed Plaintiff after his diagnosis); Reply at 4 ("[T]his QAR was announced and performed within a week of [a letter requesting a change of supervisor].")), but these incidences of suspicious timing do not shake the Court's fundamental conclusion that actions taken against Plaintiff were also taken against other employees. In sum, none of the facts identified in Plaintiff's present Motion show that the Court's Summary Judgment Opinion and Order contained manifest error to merit reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is denied. An

appropriate order will follow.

Date:   3/18/19                                              */s/ Anne E. Thompson*
                                                             ANNE E. THOMPSON, U.S.D.J.